[Civ. No. 4579.  First Appellate District, Division Two.—August 20, 1923.]

MAURO SIMONE, Appellant, v. NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent.

[1]  FIRE INSURANCE—AUTOMOBILE—AGENCY—PROOF OF LOSS—COMPLIANCE WITH POLICY—FINDINGS—EVIDENCE—APPEAL.—In an action upon a fire insurance policy covering an automobile, findings against the plaintiff to the effect that a certain party was not the agent of the insurance company and that the conditions of the policy requiring proof of loss were not complied with will not be disturbed on appeal where there was evidence to support them.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thos. F. Lopez and C. M. Ozias for Appellant.

Geo. G. Graham for Respondent.

NOURSE, J.—Plaintiff sued to recover $1,900 insurance upon an automobile completely destroyed by fire. On August 12, 1921, plaintiff contracted with the Bozzani Motor Car Company for the purchase of a new Fiat automobile for the sum of $5,234.75, payable partly in cash and the balance in monthly installments. On the same day the seller transferred the contract to the Finance Investment Corporation. On August 13, 1921, the defendant issued its policy of insurance covering the car in the sum of $4,000. In this policy the assured were designated as follows: "Name of assured Mauro Simone and Finance Investment Corp. as their interests may appear." Plaintiff made the monthly payments until November 12, 1921. On November 18th the Investment Corporation wrote him to the effect that unless this payment was made within five days it would exercise its option to repossess the car or to consider all deferred payments due. The car was destroyed by fire on November 22d while being operated on a public highway. On December 22d following the Investment Corporation filed its proof of loss in which it claimed to be the sole owner and in which it stated the value of the car at time of loss to be $2,100, the amount which was due it under its assignment of the contract. At the same time this company delivered to the defendant an assignment and subrogation receipt and an assignment of the original contract of sale to plaintiff. The defendant paid this claim in full. On January 17, 1922 (fifty-six days after the fire), plaintiff filed his proof of loss.

The trial court found that the interest of plaintiff in the insured automobile was not canceled or annulled and that the value of the car at the time of the fire was $4,000. It also found that one Nuss was not the agent of defendant and that the latter was not bound by his representations. On these findings judgment was rendered in favor of the defendant.

[1] The appellant's appeal is based on the ground that the evidence is insufficient to sustain the finding that Nuss was not respondent's agent and upon the further ground

that the conditions of the policy requiring proof of loss were substantially met and that the trial court should have so found.

Both lines of attack upon the judgment are addressed to the consideration of the evidence heard by the trial court. In each case there is sufficient evidence to have justified the trial court in finding in favor of the appellant. But there is also some evidence supporting the findings which the trial court made and it has been repeatedly held that when such is the case the findings cannot be disturbed on appeal.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.